[Crim. No. 26093. Second Dist., Div. Two. Oct. 17, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
BENJAMIN R. LOPEZ et al., Defendants and Respondents.

**COUNSEL**

Richard S. Buckley, Public Defender, Harold E. Shabo, Mitchell Grossman, Michael Rothschild and Maitland Montgomery, Deputy Public Defenders, and Henry P. Crabtree, under appointment by the Court of Appeal, for Defendants and Respondents.

John Van De Kamp, District Attorney, Harry B. Sondheim and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

**OPINION**

**COMPTON, J.**—Following a preliminary hearing before a magistrate defendants were held to answer in the superior court and an information was filed against them charging them with having on or about July 19, 1974, committed the crime of possession of marijuana for sale in violation of Health and Safety Code section 11359. The superior court granted defendants' motion to set the information aside pursuant to Penal Code section 995. The People appeal.

In ruling on a motion to set aside an information under Penal Code section 995, the test is whether the testimony and evidence

produced at the preliminary hearing contained sufficient competent evidence to support the magistrate's conclusion that there was probable cause to believe that a crime had been committed and that the defendant had committed it. (*People* v. *George,* 95 Cal.App.2d 425 [213 P.2d 33]; *People* v. *Hall,* 3 Cal.3d 992 [92 Cal.Rptr. 304, 479 P.2d 664]; *Caughlin* v. *Superior Court,* 4 Cal.3d 461 [93 Cal.Rptr. 587, 482 P.2d 211].) ■ The superior court in ruling on a motion under Penal Code section 995 may not substitute its judgment for that of the magistrate as to the weight of the evidence and every legitimate inference must be drawn in favor of upholding the information. The relationship of the superior court to the magistrate in such a situation is comparable to that of a reviewing court and a trial court. The fact-finding power including that of determining the credibility of witnesses rests with the magistrate. ■ In our review of a superior court's ruling on a motion under Penal Code section 995, that same test is applied. (*People* v. *Jackson,* 14 Cal.App.3d 57 [92 Cal.Rptr. 91]; *People* v. *Lathus,* 35 Cal.App.3d 466 [110 Cal.Rptr. 921]; *People* v. *Aday,* 226 Cal.App.2d 520 [38 Cal.Rptr. 199]; *People* v. *Sarnblad,* 26 Cal.App.3d 801 [103 Cal.Rptr. 211].)

■ *Addressing ourselves then to the sufficiency of the evidence in the instant case we find that the arresting officers recovered, from an apartment, several packages of marijuana of sufficient quantity to support a reasonable inference that whoever possessed the contraband possessed it for the purpose of sale.* Thus the corpus delicti of the crime was established by that evidence. The two defendants' connection to the crime was established by (1) the fact that both defendants were seen to exit from the premises just prior to the discovery of the contraband on the premises, and (2) that from documents and papers found on the premises it could be inferred that the defendants resided there. This was sufficient to justify the magistrate as a reasonable person in believing that the defendants were the persons who possessed the contraband for the purpose of sale. (*People* v. *Hood,* 150 Cal.App.2d 197 [309 P.2d 856]; *People* v. *Harrington,* 2 Cal.3d 991 [88 Cal.Rptr. 161, 471 P.2d 961].)

Thus it appears that the superior court in granting the defendants' motion under Penal Code section 995 necessarily must have based its ruling upon the contention that the evidence offered was not competent in that it was the product of an unreasonable search and seizure, and therefore inadmissible.

## Facts

Officers Rodriquez and Stewart of the Los Angeles Police Department working in uniform on the afternoon of July 17, 1974, were approached by an unknown person who informed them that an individual with the nickname "Bengha" was selling marijuana at a designated location. The informant gave the officers the physical description of "Bengha" and the specific address at which the activity was taking place.

The officers went to the address described by the informant and observed defendants Lopez and Ramirez exit from the premises in company with a young girl. The officers approached the group and observed that Lopez matched the description of the peddler as given by the anonymous informant. Officer Rodriquez asked Lopez for some identification. A similar request was made of Ramirez and the girl. The girl and Ramirez replied that they had left their identification in the apartment. Lopez produced a social security card bearing the name of Lopez. The officer then asked Lopez if he had some additional identification that contained a physical description. Lopez said that he did not but that he had certain other forms of identification in his room and volunteered to take the officers to the room to obtain the identification.

Upon reaching the apartment or room Lopez unlocked the door with a key at which time the officer, while standing in the hallway, detected the odor of burning marijuana. Also from his position in the hall the officer could observe debris in an ashtray located inside the premises. At that time the officer told Lopez that he was investigating a narcotics violation and requested permission to conduct a search. Lopez consented to the search.

Implicit in the magistrate's holding of the defendants to answer is a finding that the consent to search as given by Lopez was voluntary and not in submission to authority. ▇ The question presented to the superior court under the Penal Code section 995 motion and the questions before this court are whether it can be said as a matter of law that the magistrate erred in concluding that the search was properly conducted pursuant to a consent, which conclusion in turn rested on the finding that the officer's conduct prior to obtaining consent was not so unreasonable or improper as to vitiate that consent. (*People* v. *Manning,* 33 Cal.App.3d 586 [109 Cal.Rptr. 531].)

Upon receiving information from an admittedly anonymous informant whose previous reliability had not been established the officer would not have been justified in effecting an arrest. However, he was justified in proceeding to investigate. (*People* v. *Mickelson,* 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *One 1960 Cadillac Coupe,* 62 Cal.2d 92 [41 Cal.Rptr. 290, 396 P.2d 706].)

Upon seeing an individual who matched the description given by the informant it was perfectly reasonable for the officers to stop that individual and obtain his identification. There was nothing unreasonable in the officer, after examining the Social Security card, requesting further identification since it is a matter of common knowledge that a Social Security card is not a particularly conclusive or certain form of identification. The actions of Lopez in response to the request for additional identification were all voluntary. Lopez invited the officer to accompany him. The officer testified that he asked Lopez if he minded if he accompanied him and Lopez replied "No, come on along." Clearly the consent by Lopez was voluntary and the officer was justified in relying on it.

We need not here discuss the propriety of the officer's questioning of Ramirez or asking him for identification since that conduct had nothing to do with the development of the evidence. The evidence was recovered as a result of Lopez' consent to search. The officer's conduct in detaining Ramirez was immaterial. Ramirez' connection with the apartment and the contraband was established independent of anything that was developed in the course of detaining him. It can be assumed that even had Ramirez been allowed to proceed on his way he could later have been apprehended once the marijuana was found and evidence of his residency established. The officer's observation of Ramirez leaving the suspect premises was not the product of any unreasonable conduct on the part of the officer. Thus the case against Ramirez was not the result of any exploitation by the police of unlawful conduct on their part.

The order setting aside the information is reversed.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied November 17, 1975, by operation of law pursuant to California Rules of Court, rule 27c. Respondents' petition for a hearing by the Supreme Court was denied December 11, 1975.