[Crim. No. 30505. Second Dist., Div. One. Dec. 22, 1977.]

THE PEOPLE, Plaintiff and Appellant, v.
BENJAMIN LOPEZ FRAIJO, Defendant and Respondent.

## Counsel

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, James J. Ferr and John L. Ryan, Deputy Public Defenders, for Defendant and Respondent.

## Opinion

**THOMPSON, J.**—This is an appeal by the prosecution from an order of the trial court dismissing two counts of a four-count information pursuant to Penal Code section 995. The order of dismissal is based upon the trial court's determination that evidence produced at the preliminary hearing which established probable cause to hold the defendant for trial on the two counts was the tainted product of an illegal search of the trunk of his automobile. We note at the outset that the order is appealable. Having determined that the facts of the case at bench bring it within the scope of *People* v. *Hill* (1974) 12 Cal.3d 731 [117 Cal.Rptr. 393, 528 P.2d 1], overruled on other grounds in *People* v. *De Vaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872], rather than *Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557 [128 Cal.Rptr. 641, 547 P.2d 417], we conclude that the search was based upon probable cause to believe that the trunk contained contraband and hence was legal. We therefore reverse the order of dismissal.

### Facts

At about 1 a.m. on November 2, 1976, El Monte Police Officer Gary L. Clark saw a brown Comet run a traffic light at a speed of approximately 40 miles per hour. Clark activated the red light and siren of his marked police car and proceeded after the Comet. The driver of the Comet increased his speed. As the police car closed to about 75 yards, the Comet made a "hard right turn" to go southbound at an intersection, moving off the roadway and onto a dirt shoulder to complete the turn. Clark continued the chase. The Comet, driven at high speed, swerved to the left, braked, and made a right turn into a private driveway where it stopped.

Defendant, Benjamin Lopez Fraijo, left the Comet and came back to the police car then stopped near the Comet with his hands raised. The pupils of Fraijo's eyes were extremely constricted, he swayed as he walked, his speech was slurred, and his attitude "carefree." Based on his past experience and training, Clark formed the opinion that Fraijo was under the influence of a narcotic. Clark arrested Fraijo for reckless driving and driving under the influence of a drug.

Without being questioned, Fraijo volunteered that he wanted to leave the Comet in the driveway of the residence where it was then parked. Queried by Clark, the residents of the home stated they did not know Fraijo and would not take care of his car. Other officers arrived. As they approached the Comet, Fraijo became "nervous" and raised his voice, restating several times that he "wanted to leave his car there with the people."

Knowing that Fraijo had previously been arrested for narcotic activity and based upon the circumstances of the arrest, Clark formed the opinion that "there might be some contraband" within the Comet. He searched the interior of the car without success. He then searched the interior of the trunk where he found five balloons of heroin and a "hype kit."

### Proceedings Below

Fraijo was charged with possession of heroin, possession of the "hype kit," being under the influence of heroin, and driving a vehicle while under the influence of a drug. After a preliminary hearing, the magistrate held him for trial on the four counts. Asserting that the search of the trunk of his car was illegal, Fraijo moved in the superior court to dismiss the counts charging possession of heroin and the kit. Acting pursuant to Penal Code section 995, the superior court granted the motion.

### Appealability of Order

■ The prosecution appealed from the order dismissing the two counts. Fraijo counters with the contention that an order dismissing counts rather than an entire information is not appealable.

Penal Code section 1238 states in pertinent part: "(a) An appeal may be taken by the People from . . . (1) An order setting aside the

[accusatory pleading] . . . ." That statute has, without discussion, been treated as permitting an appeal by the prosecution from an order dismissing some of the counts of an information but not others. (*People v. Parker* (1974) 44 Cal.App.3d 222, 224 [118 Cal.Rptr. 523]; *People v. Gardner* (1977) 72 Cal.App.3d 641, 644 [140 Cal.Rptr. 238].) That approach is consistent with the construction given Penal Code section 995. That statute, the only authority for the trial court action which we here review, provides that "The . . . information must be set aside [by the superior court if] the defendant had been committed without reasonable or probable cause." Section 995 does not expressly authorize setting aside less than the entire information. Penal Code section 1238, subdivision (a)(1), authorizing appeals by the prosecution from orders of dismissal pursuant to Penal Code section 995, must be interpreted consistently with the latter section. As 995, although referring only to dismissal "of the information," is interpreted as permitting dismissal of a count or counts which are a part of a broader information, section 1238, which authorizes an appeal from an order of dismissal of an information, must also be construed as permitting an appeal from dismissal of a count or counts of a broader information.

## Validity of Search

█ " '[W]hen there is probable cause to believe that an automobile stopped on a highway contains contraband, evidence of a crime, or was itself an instrumentality of the commission of one, law enforcement officers need not obtain a warrant before conducting a search . . . .' " (*Wimberly v. Superior Court, supra,* 16 Cal.3d 557, 563, quoting *People v. Laursen* (1972) 8 Cal.3d 192, 201 [104 Cal.Rptr. 425, 501 P.2d 1145].) █ Probable cause sufficient to search the passenger compartment of an automobile is not itself sufficient to justify the greater intrusion upon privacy incident to a search of the car's trunk. There must, in addition to facts giving rise to probable cause to search the car in general, be "some specific articulable facts which give reasonable cause to believe that seizable items are, in fact, concealed in the trunk." (*Wimberly v. Superior Court, supra,* 16 Cal.3d at p. 568.)

█ An attempt to avoid apprehension followed by observations after the fleeing automobile is stopped may furnish the additional articulable facts necessary for a trunk search. (*People v. Hill, supra,* 12 Cal.3d 731, 748.) Here Fraijo sought to avoid apprehension by fleeing in the Comet at high speed on a circuitous route after the red light and siren of the police car were activated. Here Clark's observation of Fraijo's condition

after the Comet was stopped indicated the likelihood of contraband in the form of narcotics or as a minimum a "hype kit" in the car. Here Fraijo's conduct in seeking to give the false impression that the Comet was in a driveway of friends who would take care of it gave rise to a reasonable suspicion that contraband or evidence of his crime was in the car. Here Fraijo's "nervous" reaction to the approach of officers to the car and his repetition at their approach that the car would be taken care of by the householders of the driveway in which it was parked reinforced that suspicion. When the officers found nothing in the passenger compartment of the automobile which explained Fraijo's conduct in attempting to avoid apprehension and his subsequent conduct after the Comet was stopped, there ripened a reasonable and strong suspicion that whatever Fraijo was trying to hide was in the trunk of the car. That reasonable and strong suspicion justified the intrusion into the trunk which followed.

We thus conclude that competent, legally obtained, evidence supports the magistrate's ruling holding Fraijo to trial for possession of the heroin and "hype kit" found in the trunk of his car. It follows that the superior court's order to the contrary must be reversed.

*Disposition*

The judgment (order) is reversed.

Wood, P. J., and Lillie, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 16, 1978.