UNITED STATES

v.

**Lance S. GILLIS, 423 74 7831, Corporal (E–4), U. S. Marine Corps.**

**NCM 78 0729.**

U. S. Navy Court of Military Review.

Sentence Adjudged 11 Jan. 1978.

Decided 23 Oct. 1978.

CAPT Jay C. Keithley, USMC, Appellate Defense Counsel.

LT L. W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GRANGER, JJ.

GRANGER, Judge:

Appellant was convicted of possessing 452 grams of marijuana. He contends that the marijuana was seized during an unlawful search of his automobile, that the fruits of this search were inadmissible as evidence, and that his conviction, predicated upon this unlawful evidence, must be set aside. We find the search lawful, and we affirm the findings and sentence.

An anonymous telephone call to the desk sergeant of the military police at Marine

Corps Air Station (Helicopter), Santa Ana, California, provided information that an orange Honda automobile would be exiting the base within an hour, and that located on the back seat of that vehicle, in a brown paper bag, would be a pound of marijuana.

The desk sergeant advised the gate sentries to stop any vehicle matching that description. The sentries were authorized to take no further action other than notifying their superiors when they stopped the vehicle.

A gate sentry stopped a vehicle matching that description as it attempted to exit the base approximately 20 minutes after the tip from the anonymous informant. The sentry notified the desk and a military policeman (MP) was dispatched to investigate. As the investigating officer approached the vehicle, he observed through the window a brown paper bag covered by a jacket. At this point, the appellant was quiet and exhibited only the nervousness common to those stopped for traffic violations. The accused testified that the events up to this point were identical in every respect to a previous incident when he had received a traffic citation at this same gate, and that he thought, "Well, if I'm lucky, this is just another traffic ticket." The MP dispelled this misconception, however, by explaining to appellant the content of the anonymous telephone call and requesting permission to search appellant's vehicle. Appellant then became more nervous. He was scared and shaking. He was loud, profane, threatening and belligerent. At one point he placed the key in the ignition and wanted to flee, but was stopped by the MP. In short, his conduct comported with that of a miscreant caught "red-handed." Appellant exited the vehicle, and the investigating officer reached into the vehicle and seized the paper bag, which contained what later proved to be marijuana.

■ A tip from an anonymous informer does not, without more, provide probable cause to arrest or to search and seize. *Recznik v. City of Lorain*, 393 U.S. 166, 89 S.Ct. 342, 21 L.Ed.2d 317 (1968). Such a tip impels further investigation, however, and

corroboration of the information received often creates a reasonable suspicion that a crime has, or is being, committed. Such reasonable suspicion justifies stopping and temporarily detaining a suspect for investigative purposes. *Gaines v. Craven*, 448 F.2d 1236 (9th Cir. 1971); *State v. Hobson*, 95 Idaho 920, 523 P.2d 523 (Sup.Ct.1974); *People v. Lopez*, 52 Cal.App.3d 263, 123 Cal.Rptr. 855 (Dist.Ct.App.1975). *See also United States v. Short*, 187 U.S.App.D.C. 142, 570 F.2d 1051 (1978); *United States v. Richards*, 500 F.2d 1025 (9th Cir. 1974), *cert. denied* 420 U.S. 924, 95 S.Ct. 1118, 43 L.Ed.2d 393 (1975); *United States v. Canieso*, 470 F.2d 1224 (2nd Cir. 1972); *Bailey v. United States*, 386 F.2d 1 (5th Cir. 1967). *Cf.* Note, *Nonarrest Automobile Stops: Unconstitutional Seizures of the Person*, 25 Stan.L.Rev. 845 (1973).

■ Once a vehicle is lawfully stopped for investigative purposes, additional facts may be developed which, when added to the information previously obtained, create probable cause to search. *United States v. Thompson*, 558 F.2d 522 (9th Cir. 1977); *United States v. Worthington*, 544 F.2d 1275 (5th Cir. 1977); *United States v. Gomori*, 437 F.2d 312 (4th Cir. 1971); *United States v. Brown*, 436 F.2d 702 (9th Cir. 1970). *See also* Note, *Nonarrest Automobile Stops: Unconstitutional Seizures of the Person, supra*, at 872 n. 40, (describing seven methods by which probable cause may be established during an investigative stop.)

In the instant case, most of the informant's information had been corroborated at the time appellant's vehicle was stopped. When the MP approached the vehicle from the rear, he saw through the window a brown paper bag covered by a jacket. He thus confirmed the final bit of information the anonymous caller had supplied.

■ A simple, or even indignant, refusal to consent to the search would have added nothing to the information already possessed by the MP. We find, however, that the remarkable change in appellant's behavior following the MP's disclosure about the anonymous informant, together with

the information the MP already had, would warrant a man of reasonable caution to believe that he would find marijuana in the sack in the back of appellant's car. Probable cause to search was thus established.

The United States Supreme Court stated in *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 332, 54 L.Ed.2d 331, 335–336 (1977), that the touchstone of an analysis under the Fourth Amendment is always " 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.' " In turn, "reasonableness" depends upon a balance between the public interest, and the individual's right to personal security free from arbitrary interference by law officers. *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

The evidence shows that the military police reacted with commendable circumspection to the anonymous telephone call. The circumstances called for quick action by law enforcement officers. A vehicle with a military suspect and suspected contraband was leaving the jurisdiction of military authority. *See United States v. Gomori, supra.* Appellant's expectancy of privacy, so far as the bag in plain view in his vehicle was concerned was not great. *See United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). This was especially true because appellant was passing through a gate on a military reservation, where his vehicle was always subject to random gate searches. *See United States v. Harris*, 5 M.J. 44 (C.M.A.1978). Balancing the public and military interest against appellant's right to personal security, we conclude that this intrusion was reasonable, and the evidence obtained during the search was admissible.

The findings and sentence as approved and partially suspended on review below are affirmed.

Chief Judge CEDARBURG and Judge BAUM concur.