[Civ. No. 57812. Second Dist., Div. Five. Apr. 23, 1980.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
RODERICK GALBREATH, Real Party in Interest.

COUNSEL

John K. Van de Kamp, District Attorney, Harry B. Sondheim and
Donald J. Kaplan, Deputy District Attorneys, for Petitioner.

No appearance for Respondent and for Real Party in Interest.

OPINION

STEPHENS, J.—This is a proceeding in mandamus, brought by the
People pursuant to Penal Code section 1538.5, subdivision (o), challeng-
ing respondent court's order granting real party in interest's motion to
suppress evidence.

The facts testified to by the arresting officers are these: At about
9:15 p.m., March 19, 1979, Deputy Tamayo of the Los Angeles Sher-
iff's Department and his partner, Deputy Bowler, were on patrol in a
black and white sheriff's car when they observed a Cadillac straddling
two traffic lanes and weaving back and forth for a distance of approxi-
mately two blocks. Tamayo activated his red light and, after continuing
another block, the Cadillac stopped. Tamayo approached the Cadillac
and found real party in the driver's seat. Tamayo recognized real party

as a former trusty at county jail whom Tamayo had known some five or six years earlier when he worked at the jail.

. Upon recognizing real party, Tamayo said to him, "Hey, Rod, what's happening? What have you been doing?" Real party got out of his car and he and Tamayo started a casual conversation relating to real party's family and whether he was working. Because they were standing in the path of traffic, Tamayo said to real party, "Let's step over to the curb so we don't get run over by a car." The two men walked back toward the police car which was parked behind real party's car. When they were between the two cars, Tamayo observed real party make a tossing motion with his left hand. He did not see anything leave real party's hand or land on the ground. Deputy Bowler, however, who was by the fender of the police car, near the curb, saw real party toss a small glass vial from his hand. It landed in the gutter. Bowler retrieved it, opened it and discovered that it contained a white powder resembling cocaine. After this, real party was arrested.

Real party testified that he was not lane straddling before he was stopped by the deputies, that he was ordered from his car by Tamayo, that he was searched after he got out of the car, that his car was also searched and that Tamayo had the glass vial in his hands when he finished searching the car. Real party admitted having worked with Tamayo at the jail several years earlier when real party was a trusty and Tamayo was a truck driver and food handler. Adrienne Whaley, who had been a passenger in real party's car at the time of his arrest, corroborated his testimony as to the events of that night.

■ Respondent court made factual findings that real party was lawfully stopped for a traffic violation, that he voluntarily got out of the car after recognizing Tamayo as "an old friend," and that the vial was retrieved from the gutter, not from the car. Respondent ruled, however, that the officer exceeded his authority when he asked real party to move over to the curb and suppressed the evidence on that ground. We issued an alternative writ herein to review that ruling.

It has long been held in California that a policeman's authority to stop a motorist for a traffic violation carries with it the authority to request the motorist to get out of the vehicle. (*People* v. *Nickles* (1970) 9 Cal.App.3d 986, 991 [88 Cal.Rptr. 763].) That rule was confirmed by the United States Supreme Court in *Pennsylvania* v. *Mimms* (1977) 434 U.S. 106 [54 L.Ed.2d 331, 98 S.Ct. 330]. It would be ludicrous in

the extreme if the law recognized the officer's right routinely to remove a driver from a vehicle in the interests of the officer's safety, and then required the officer and the motorist to stand within the path of traffic until their business was completed. That, of course, is not the law. As the court stated in *Pennsylvania* v. *Mimms, supra*, "Rather than conversing while standing exposed to moving traffic, the officer prudently may prefer to ask the driver of the vehicle to step out of the car and off onto the shoulder of the road where the inquiry may be pursued with greater safety to both." (434 U.S. at p. 111 [54 L.Ed.2d at p. 337].) The contraband was discovered in this case because of real party's precipitous behavior in disposing of it, and not because the officer acted unreasonably or in an overbearing fashion.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of October 12, 1979, granting real party in interest's motion to suppress evidence in that matter entitled People of the State of California v. Roderick Galbreath, Los Angeles Superior Court number A-615743, and enter a new order denying said motion.

Kaus, P. J., and Ashby, J., concurred.