175 Cal.App.3d 1204 (1985)
221 Cal. Rptr. 776
THE PEOPLE, Plaintiff and Appellant,
v.
JOSE MANUEL PAEZ PEREZ, Defendant and Respondent.
Docket No. 72063.
Court of Appeals of California, Appellate Department, Superior Court, San Diego.
August 26, 1985.
COUNSEL
Edwin L. Miller, Jr., District Attorney, and Craig E. Fisher, Deputy District Attorney, for Plaintiff and Appellant.
Ray R. King for Defendant and Respondent.
OPINION
DUFFY, J.
The People appeal an order dismissing the case against defendant after granting a motion to suppress evidence pursuant to Penal Code section 1538.5. Page Supp. 10

FACTS OF THE CASE
At approximately 2:15 a.m. on May 31, 1984, Officer Alvernaz observed an orange Opel automobile driven by respondent eastbound on Interstate 8. The officer's attention was drawn to the vehicle because of a "pronounced weaving" within the lane. The officer described the drift as being two feet in each direction. The officer followed the vehicle while it was weaving for about three quarters of a mile. Due to the weaving observed by the officer the vehicle was stopped. The detention was predicated on the officer's belief that the driver was under the influence of alcohol.
The municipal court found that the detention was unlawful and that weaving alone within a marked lane was not sufficient cause to stop the vehicle.

DISCUSSION
(1a) The sole issue raised on appeal is whether pronounced weaving within a lane provides an officer with reasonable cause to stop the vehicle on suspicion of driving under the influence where such weaving continues for a substantial distance, in this case for about three-quarters of a mile.
(2) It has been firmly established that when a police officer detains a citizen the Fourth Amendment is triggered. Terry v. Ohio (1968) 392 U.S. 1 [20 L.Ed.2d 859, 88 S.Ct. 1868]. A detention occurs "whenever a police officer accosts an individual and restrains his freedom to walk away," (People v. Aldridge (1984) 35 Cal.3d 473, 477 [198 Cal. Rptr. 538, 674 P.2d 240], relying on Terry v. Ohio, supra, 392 U.S. at p. 16 [20 L.Ed.2d at p. 903]) or when an officer stops an individual because that person "may be personally involved in some criminal activity." (In re Tony C. (1978) 21 Cal.3d 888, 892 [148 Cal. Rptr. 366, 582 P.2d 957].)
(3) In order to justify a detention "the circumstances known or apparent to the officer must include specific and articulable facts causing him to suspect that 1) some activity relating to a crime has taken place or is occurring or is about to occur, and 2) the person he intends to stop or detain is involved in that activity. Not only must he subjectively entertain such a suspicion, but it must be objectively reasonable for him to do so: the facts must be such as would cause any reasonable police officer in a like position, drawing when appropriate on his training and experience [citation] to suspect the same criminal activity...." (People v. Aldridge, supra, 35 Cal.3d at p. 478; People v. Lowen (1983) 35 Cal.3d 117, 123 [196 Cal. Rptr. 846, 672 P.2d 436]; In re Tony C., supra, 21 Cal.3d at p. 893.)
(4), (1b) Although it has been clearly established in this state that weaving from one lane to another justifies an investigatory stop (see Kiskey v. Page Supp. 11 State of California (1984) 36 Cal.3d 415 [204 Cal. Rptr. 428, 682 P.2d 1093]; People v. Weaver (1983) 143 Cal. App.3d 926 [192 Cal. Rptr. 436]; People v. Goldbreath (1980) 104 Cal. App.3d 988 [164 Cal. Rptr. 116]; People v. Tennessee (1970) 4 Cal. App.3d 788 [84 Cal. Rptr. 697]), no court in California has yet addressed the issue of whether an officer may lawfully detain a driver who has been observed to be weaving within his lane. However, a motorist driving in an "eccentric manner" on a freeway has been deemed to be indicative of one driving under the influence justifying an investigatory stop. (People v. Manis (1969) 268 Cal. App.2d 653 [74 Cal. Rptr. 423].) In addition, decisions from outside this jurisdiction have routinely held that weaving within one's lane for substantial distances are facts which give rise to a reasonable suspicion that one is driving under the influence. For instance, in State v. Bailey (1981) 51 Or. App. 173 [624 P.2d 663], an Oregon court held that weaving within a lane for a period of four or five blocks justified an investigatory stop. Similarly, in Ebona v. State (Alaska 1978) 577 P.2d 698, the defendant's vehicle was "continually weaving" but at all times remained in its lane. The court ruled that the reoccurring weaving justified the officer's detention. In State v. Dorendorf (N.D. 1984) 359 N.W.2d 115, an officer observed a vehicle weaving within its own lane of traffic for approximately one-eighth to one-quarter of a mile. Here too the court determined that such facts gave rise to a reasonable belief that the driver was under the influence, rejecting the defendant's argument that a smooth continuous weaving within a traffic lane does not give cause to detain. (See also State v. Kvam (Minn. 1983) 336 N.W.2d 525.)
Respondent urges this court to affirm the dismissal in this case contending that in the absence of a traffic violation there could not be any justification for stopping the vehicle. This same argument was rejected in State v. Kvam, supra, at p. 527. The court in Kvam noted that the court should consider that a trained law enforcement officer be permitted to make inferences and deductions that might well elude an untrained person. In the present case, the detaining officer has been a police officer for seven and one-half years and has had extensive training and experience in dealing with driving under the influence cases. Included in his training was driving under the influence enforcement and a drug-alcohol recognition training seminars. The officer presently conducts in-service training of driving under the influence seminars to other officers. The officer inferred from his observation of respondent's vehicle based on his training and experience that the driver exhibited signs of intoxication. Such opinion was based on the observation of pronounced weaving which continued for about three-quarters of a mile. We conclude that the officer's actions were proper and hold that pronounced weaving within a lane provides an officer with reasonable cause to stop a vehicle on suspicion of driving under the influence where such weaving continues for a substantial distance. Page Supp. 12
In addition, we note that an officer is also justified in stopping a vehicle in such instance to investigate the cause of such weaving as the weaving is also indicative of possible equipment violations (i.e., faulty wheel alignment, problem in the steering mechanism or defect in the tires). The officer had the right to determine exactly what was causing the vehicle to weave.
Accordingly, the ruling of the lower court is reversed.
McConnell, P.J., and Hamrick, J., concurred. Page Supp. 13