[No. A062552. First Dist., Div. One. June 9, 1994.]

THE PEOPLE, Plaintiff and Appellant, v.
ARTURO CESAR MOLINA, Defendant and Respondent.

## COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Gerald A. Engler, Deputy Attorneys General, for Plaintiff and Appellant.

Arturo Cesar Molina, in pro. per., for Defendant and Respondent.

## OPINION

**STEIN, J.**—A police search of Arturo Cesar Molina's Ford pickup truck uncovered, among other things, usable amounts of cocaine and methamphetamine, a loaded firearm, and a length of copper cable covered in rubber. Molina, accordingly, was charged by information with: count 1: possession of cocaine (Health & Saf. Code, § 11350, subd. (a)); count 2: possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); count 3: carrying a loaded firearm in a vehicle (Pen. Code, § 12031, subd. (a)); count 4: possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1); and count 5: possession of a billy club (Pen. Code, § 12020, subd. (a)).

A magistrate denied Molina's motion to suppress evidence of the various items as the products of an illegal search. The superior court, however, disagreed with the magistrate and, finding that the items were seized illegally, granted Molina's Penal Code section 995 motion to dismiss the information filed against him. The People of the State of California appeal. Finding merit in the appeal, we will reverse.

■    In an appeal from an order of the superior court granting a Penal Code section 995 motion, we disregard the ruling of the superior court and directly review the determination of the magistrate holding the defendant to answer. (*People* v. *Laiwa* (1983) 34 Cal.3d 711, 718 [195 Cal.Rptr. 503, 669 P.2d 1278].) The factfinding power, including that of determining credibility of witnesses, rests with the magistrate. (*People* v. *Lopez* (1975) 52 Cal.App.3d 263, 266 [123 Cal.Rptr. 855].)

*Facts*

We state the facts resolving, as we must, all contradictions in the evidence and relevant inferences in favor of the magistrate's order denying Molina's motion to dismiss. "In reviewing the magistrate's findings, all presumptions are drawn in favor of the magistrate, whose express or implied findings must be upheld if supported by substantial evidence. [Citation.] Further, '[w]here there are no express findings of fact, it is implied that the trial court (municipal or superior) made whatever findings were necessary to support the judgment or order. [Citations.]' [Citation.]" (*People* v. *Fulkman* (1991) 235 Cal.App.3d 555, 560 [286 Cal.Rptr. 728].)

Officer Timothy Petersen clocked Molina driving his truck at 65 miles per hour in a 45-mile-per-hour speed zone. When Petersen approached the truck after pulling it over, he noticed the smell of fresh beer. He also noticed that Molina's eyes were red and glassy and that his breath smelled of alcohol. Molina, however, adequately performed a series of field sobriety tests. Officer Petersen, concerned that there were open containers of alcoholic beverages in the truck, called for a backup officer and then asked Molina's two passengers to exit the truck. They complied.

Officer Larry Brown responded to Officer Petersen's call and Officer Petersen asked him to search the vehicle for open containers of alcoholic beverage. Officer Brown looked on the passenger floorboard and found a spilled, open beer. He found two other open beers underneath the seat on the passenger side. He then noticed that a large, fixed-blade knife was strapped to the truck's roll bar on the driver's side. Officer Brown walked around to the driver's side, where he removed and inspected the knife. He noticed a second, smaller, fixed-blade knife strapped to the roll bar and inspected it as well. At that point Officer Brown noticed a billy club sticking out from underneath the backseat on the driver's side. The officer pulled the seat forward and found a machete secured to the backrest. Officer Brown then searched a number of pockets sewn into the front seat's cover. He found a small nylon bag which he thought might contain a knife. In fact, it contained a gun magazine. Officer Brown then searched the area behind the back seat,

which he believed to be accessible from the driver's seat, and found a duffle bag. He found a loaded .380 Beretta in the duffle bag. He then found a small toiletry-type bag in one of the seat pockets. Opening it, he found several baggies containing a white crystalline substance. The substance later was determined to be cocaine and methamphetamine.

*Discussion*

■ The applicable legal principles support the magistrate's determination that the discovery of the contraband was not the product of an illegal search. There was no question but that the police were entitled to stop Molina for driving 65 miles per hour in a 45-mile-per-hour zone. Indeed, defense counsel conceded as much. There was no question but that, once he noticed the odor of fresh beer, Officer Petersen had probable cause to believe that an offense was being committed. The officers, therefore, were entitled to search the passenger compartment of the truck, including any containers therein, for open containers of alcohol. (*United States* v. *Ross* (1982) 456 U.S. 798 [72 L.Ed.2d 572, 102 S.Ct. 2157], *passim.*) The officers further were entitled to examine any item, such as the knives and billy club, which were in plain view once they started looking through the truck's passenger compartment. (*Texas* v. *Brown* (1983) 460 U.S. 730, 739-740 [75 L.Ed.2d 502, 511-513, 103 S.Ct. 1535].) Once the officers discovered the knives, they had reason to believe that their safety was in danger and, accordingly, were entitled to search the compartment and any containers therein for weapons. (*Michigan* v. *Long* (1983) 463 U.S. 1032, 1049-1050 [77 L.Ed.2d 1201, 1219-1221, 103 S.Ct. 3469].)

■ In addition, and in the alternative, it is established that when an officer has made a lawful custodial arrest of a driver, the officer is entitled to search the passenger compartment of the vehicle and may also examine the contents of any containers found within the passenger compartment, whether or not it is reasonably probable that such a container might hold a weapon or evidence relating to the offense for which the driver has been arrested. (*New York* v. *Belton* (1981) 453 U.S. 454, 460-463 [69 L.Ed.2d 768, 775-777, 101 S.Ct. 2860].) ■ Upon discovering the billy club, the officers had probable cause to arrest Molina for violating Penal Code section 12020.[1] It follows that they were entitled to search the compartment and its containers as a search incident to a lawful arrest. As the search of the compartment and containers was lawful, the evidence found therein is admissible evidence.

In granting Molina's motion to dismiss, the superior court held that the discovery of the knives did not give the officers cause to arrest Molina and

---

[1]Section 12020, as relevant, prohibits the possession of "any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sap, or sandbag."

that they therefore were not entitled to continue their search as an incident to a lawful arrest. The superior court erred in this conclusion. First, the discovery of the *billy club*, in plain view, gave the officers cause to arrest Molina. Second, under *Michigan* v. *Long, supra,* 463 U.S. 1032, the officers in all events were entitled to search for weapons. The superior court's ruling, accordingly, was incorrect.

The superior court did not address other arguments made by Molina and we will discuss them only briefly.

Molina argued that the officers were not entitled to search the duffle bag and toiletries case because they had no cause to believe they might contain open containers of alcohol. As discussed, the discovery of weapons and contraband justified the further search.

Molina argued that the search of the duffle bag and toiletries case could not be justified as a search incident to a lawful arrest (1) because the innocent nature of the billy club did not provide grounds for an arrest; (2) there was no reason to believe that Molina possessed any narcotics, and thus there was no grounds to search the small, soft, toiletries bag; and (3) in any event, there was no reason to believe that the toiletries bag contained narcotics. ▮ Molina argued below that the copper cable identified by the officers as a billy club was used only to knock mud and debris off of the tires of his truck. Molina's intent in possessing the item, however, is irrelevant; it was enough that he was in possession of an item meeting the description of a billy club. (See *People* v. *Johnson* (1977) 72 Cal.App.3d 52, 55-56 [139 Cal.Rptr. 811] and *People* v. *Grubb* (1965) 63 Cal.2d 614, 620-621 [47 Cal.Rptr. 772, 408 P.2d 100].) ▮ As discussed, under *New York* v. *Belton, supra,* 453 U.S. 454 once the police have cause to arrest a person—here for possession of a billy club—they become entitled to search containers even when those containers are such that they could hold neither a weapon nor evidence of the criminal conduct for which the suspect was arrested. (453 U.S. at p. 461 [69 L.Ed.2d at pp. 775-776].)

Finally, Molina argued that there was insufficient evidence to hold him to answer to the charges set forth in count 4: possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1). He pointed out that by the terms of section 11370.1, a violation occurs only if the firearm is available for immediate offensive or defensive use. He then pointed out that the evidence *he* adduced was that the duffle bag could not have been reached unless the driver and passengers got out of the vehicle, moved the seat-back forward, moved Molina's jacket out of the way, unzipped the bag which was full of clothing, and finally removed the

weapon. The prosecution, however, adduced evidence that the driver could reach into the bag while seated in the driver's seat. ██ Where, as here, the question is whether a defendant should be held to answer, the issue is not whether the prosecution has proven its case but whether there is some rational ground for assuming the possibility that an offense has been committed. (*Taylor* v. *Superior Court* (1970) 3 Cal.3d 578, 582 [91 Cal.Rptr. 275, 477 P.2d 131], overruled on other grounds in *People* v. *Antick* (1975) 15 Cal.3d 79, 92, fn. 12 [123 Cal.Rptr. 475, 539 P.2d 43].) The magistrate was entitled to believe the prosecution's evidence and conclude that it was possible that Molina could have reached the firearm, and thus that he may have violated Health and Safety Code section 11370.1.

For all of the above reasons we find that magistrate's determination that Molina should be held to answer on all counts was proper.

The order dismissing the information is reversed.

Strankman, P. J., and Dossee, J., concurred.