**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Troy Jonathan APELAND, Defendant–Appellant.**

No. 05–10765.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed June 28, 2007.

USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Joseph Shemaria, Esq., Law Offices of Joseph Shemaria, Los Angeles, CA, for Defendant–Appellant.

Before: BRIGHT *, D.W. NELSON, and BERZON, Circuit Judges.

## MEMORANDUM **

Police stopped a weaving truck driven by Troy Apeland but, rather than finding an intoxicated driver, they eventually discovered approximately 100 kilograms of marijuana. Apeland filed a motion to suppress the marijuana that the district court denied and he pleaded guilty to one count of possessing with the intent to distribute marijuana, 21 U.S.C. § 841(a)(1). The plea agreement, however, preserved his right to appeal the denial of his suppression motion. We determine that the stop and detention of Apeland were reasonable, and thus affirm the conviction.

### I.

Apeland's troubles began when the traffic on Interstate 5, near Zamora, California, slowed. California Highway Patrol Officer Scott Worley, accompanied in his patrol car by Sergeant Ryan Houdeshell, observed Apeland's truck weaving and, suspecting that Apeland was under the influence of drugs or alcohol, stopped the truck.

Sergeant Houdeshell testified during a suppression hearing that he noticed the "strong odor of what appeared to be air freshener coming from within the vehicle, and it's an overpowering amount[.]" As Apeland exited the truck he was, according to Houdeshell, "very nervous and staggering[.]" Houdeshell testified that Apeland was so unsteady that "he had to use the hood of the vehicle ... to balance himself and steady himself...."

Officer Worley, according to a declaration he filed with the court, "asked [Apeland] the pre-field sobriety questions and conducted a Horizontal Gaze Nystagmus field sobriety test" alongside the interstate. During the questioning, Worley enquired about the origin, destination, and purpose of Apeland's trip.

Sergeant Houdeshell, describing the inquiries by Worley, testified that Apeland's answers "were all over the board. He didn't know where his parent's ranch was, yet they had lived there for 15 years and he went there often. The answers that Mr. Apeland gave were not—they were evasive is what they were." Apeland, though, passed a Horizontal Gaze Nystagmus sobriety test, dispelling the suspicion that he was influenced by drugs or alcohol.[1]

Despite the results of the field sobriety test, Officer Worley's suspicion did not abate. Concerned by Apeland's answers to the inquiries, his nervousness, and the smell of air freshener, Worley brought out his drug detection dog, Kelly, from his patrol car to smell Apeland's vehicle. Kelly alerted twice and Worley discovered a "green leafy substance in plastic bags filling the entire bed" that he recognized as marijuana.

### II.

Apeland moved to suppress the discovery of the marijuana. The district court

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Nystagmus, or "jerkiness of eye movement," is one indication that a suspect is intoxicated. The field sobriety test that detects nystagmus is performed by observing the ability of the suspect's eyes to follow a finger or similar object moved horizontally. *See United States v. Van Griffin*, 874 F.2d 634, 636 (9th Cir. 1989).

held a hearing, but a back injury prevented Officer Worley from appearing to testify. The court considered the declaration that Officer Worley provided prior to the hearing and the testimony of Sergeant Houdeshell. Though Houdeshell testified that Apeland first passed the field sobriety test and then Worley further questioned him regarding his trip, the court interpreted Worley's declaration to indicate the "pre-field sobriety questions" came before the field sobriety test. Based on that sequence of events and Apeland's suspicious behavior, the court denied the suppression motion.

Apeland asserts that the trial court erred by relying on Worley's declaration to determine the sequence of events. He contends he should have had the right to cross-examine Worley, the absent witness, and thus a new hearing is warranted. However, we need not reach this alleged confrontation issue.

Reviewing the record and relying on Sergeant Houdeshell's testimony as previously related, the evidence shows a basis for the stop and brief detention. Houdeshell, who observed Apeland swerving between lanes, reasonably suspected he was impaired because "it has been clearly established in this state that weaving from one lane to another justifies an investigatory stop." *People v. Perez*, 221 Cal.Rptr. 776, 777 (Cal.App. Dep't Super. Ct.1985) (relied on by *United States v. Colin*, 314 F.3d 439, 445–46 (9th Cir.2002)). Moreover, the stop was brief and the evidence (including Apeland's extreme nervousness and the pronounced smell of an air freshener in the vehicle) justified the further investigation and the use of the drug-detection dog. *See, e.g., United States v. Cedano–Arellano*, 332 F.3d 568, 572 (9th Cir.2003); *United States v. Rojas–Millan*, 234 F.3d 464, 470 (9th Cir. 2000).

Accordingly, we find no error in the denial of the suppression motion. **AF-FIRMED.**