[Crim. No. 1445. First Appellate District, Division One.—January 21, 1928.]

THE PEOPLE, Respondent, v. LOUIS RUIZ, Appellant.

Willard W. Shea, Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant was prosecuted by information for the crime of felony. It contained two counts. The first charged him with unlawfully carrying upon his person a dirk or dagger, in that at the time and place stated he carried concealed upon his person a dirk; the second count charged that he was carrying concealed upon his person at the same time and place a dagger. It is alleged that the second count is a different statement of the offense described in the first count. It was further alleged that prior to the commission of the offense defendant had suffered two prior convictions, one for the crime of forgery, the other for petit larceny. Defendant was convicted upon the second count and sentenced to the state prison. A motion for a new trial was made and denied. This appeal is from the order and judgment. As grounds for reversal it is claimed that the verdict is unsupported by the evidence and that the court erred in the giving and refusing to give certain instructions to the jury. The evidence shows that defendant was placed in custody on the morning of September 2, 1927, by a police officer employed by the Southern Pacific Company as he

was carrying a large bundle wrapped in paper. The bundle contained copper wire which defendant claimed was taken from the dumps at Niles, but which the prosecution contended was obtained from the railroad yards. On the way to police headquarters defendant stopped and removed ·the bundle of wire from his shoulder, at which time the weapon in question inclosed in a metal sheath was found in his possession. Defendant testified that it was wrapped in the bundle with the wire, the arresting officer testifying that it was drawn from underneath defendant's trousers. ██ It appeared in evidence that the weapon in question was a bayonet with part of it filed off, which could be worn on the body; that it resembled a British bayonet; that there was no such thing as a British dirk; that the weapon resembled a dagger in every particular except that a dagger is more pointed and not quite so heavy. · Under the first point raised, namely, that the verdict is unsupported by the evidence, it is claimed that it was not shown just what the real character of the weapon was. The objection is without merit. As above indicated, there was evidence to show that it resembled a dagger. The information charged under the first count that defendant was unlawfully carrying a dirk and in the second the weapon was described as a dagger. It was one and the same offense. A dagger has been defined as any straight knife to be worn on the person which is capable of inflicting death except what is commonly known as a "pocket-knife." ██ Dirk and dagger are used synonymously and consist of any straight stabbing weapon, as a dirk, stiletto, etc. (Century Dict.) They may consist of any weapon fitted primarily for stabbing. The word dagger is a generic term covering the dirk, stiletto, poniard, etc. (Standard Dict.) Each of the names given to the weapon properly described it. The weapon itself was in evidence and the jury was in a position to judge its character. ██ Appellant complains that the trial court erred in failing to submit instructions under both counts and that it likewise erred in failing to supply verdicts for each count. What we have already said disposes of this objection. Moreover, after the jury rendered the verdict finding the defendant guilty as charged in count two, the first count was dismissed. Defendant therefore suffered no prejudice.

■ Error is claimed for failure on the part of the trial court to give an instruction to the effect that if the jury found that the weapon taken from the defendant by the arresting officer was one other than a dirk or dagger that it was their duty to acquit. The court did in effect give this very instruction. Further error is claimed in the refusal of the court to instruct the jury that if it found that defendant was at the time of his arrest carrying the weapon taken from him outside his clothing it was not "concealed upon his person" and it was its duty to acquit. The court instructed the jury that one of the material elements of the crime charged was whether the weapon carried by the defendant at the time mentioned was concealed upon his person. The duty of a court in this respect is fully discharged if the instruction given fully embraces the point involved in the court's own language. The practice of repeating instructions in a different way and thus loading the case with innumerable forms of instructions upon a particular subject is not to be commended. The instruction as given was full and fair and covered the subject. ■ And finally, it is urged that the trial court erred in defining the word "dagger." The court instructed the jury that the word was not used in the statute in a narrow or technical sense. The instruction was a proper one. As above stated, the term is generic. There is no merit in the appeal.

The order and judgment are affirmed.

Parker, J., *pro tem.*, and Cashin, J., concurred.