Opinion
LEVITT, P. J.
Respondent, Robert Jay McClure, was arrested for a violation of Penal Code section 12020, subdivision (a) and was charged with a violation of that section pursuant to Penal Code section 17, subdivision (b) (4). Respondent was arrested for possessing a belt buckle knife connected to a belt worn by respondent while at Lindbergh Field. The arresting officer had observed that the belt buckle had no latch. The municipal court dismissed the action pursuant to Penal Code section 1385, after having determined that the belt buckle knife was not a dirk or dagger as a matter of law.
The sole question raised on appeal is whether the court abused its discretion in ruling as a matter of law that the belt buckle knife was not a dirk or dagger within the purview of Penal Code, section 12020, subdivision (a).
People v. Ruiz (1928) 88 Cal.App. 502 [263 P. 836] defined a dagger as any straight knife to be worn on the person which is capable of inflicting death, except what is commonly known as a “pocketknife.” The court, in People v. Forrest (1967) 67 Cal.2d 478 [62 Cal.Rptr. 766, 432 P.2d 374], held that an oversized pocketknife was not a dirk or dagger as a matter of law because the blades did not lock into place, severely limiting its effectiveness as a stabbing weapon. The belt buckle knife is not subject to such limitation, but is a knife with a blade of two and one-half to three inches in length and a handle which doubles as the belt buckle. When two fingers are inserted into the buckle, the knife becomes an extension of the fist and its only practical use is for stabbing. Moreover, it becomes practically impossible for the wielder’s hand to slip to the blade.
*Supp. 33 In our opinion the belt buckle knife is a dirk or dagger as set forth in Penal Code section 12020, subdivision (a) as a matter of law, and when worn as intended it presents a threat to public order.
Judgment reversed and the matter is remanded to the municipal court for trial.
Gilliam, J., and Lindsley, J., concurred.