[Crim. No. 19402. First Dist., Div. Three. Oct. 23, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
THEODIS J. LA GRANDE, Defendant and Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart, Laurence K. Sullivan, and Richard W. Power, Deputy Attorneys General, for Plaintiff and Appellant.

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Peter R. Silten and Richard S. Kessler, Deputy State Public Defenders, for Defendant and Respondent.

OPINION

SCOTT, J.—The People appeal from dismissal of the information after the granting of respondent's motion made pursuant to Penal Code section 995. The issue is whether an awl is not a dirk or a dagger as a matter of law.

Respondent was charged with a violation of Penal Code section 12020, carrying a dirk or a dagger concealed upon his person. Respondent was arrested after being discovered asleep or unconscious on a bus bench. Preparatory to transporting respondent to jail, the officers pat searched him and discovered an awl in his pants waistband. An awl is a pointed instrument for marking surfaces or piercing small holes, as in leather or wood. The awl in the instant case is about seven and one-half inches long, has a sharp point, and is slightly curved; it had not been altered.

The People contend that the awl is fitted and designed primarily for stabbing, and that whether it is a dirk or a dagger when concealed upon a person should be a question for the trier of fact.

We have recently held, however, that an unaltered tool or instrument other than a knife, designed not as a weapon but only as a cutting tool, which is neither fitted primarily nor designed primarily for stabbing, is not a dirk or a dagger as a matter of law. (*Bills* v. *Superior Court* (1978) 86 Cal.App.3d 855 [150 Cal.Rptr. 582] [barber scissors].)

The People attempt to distinguish *Bills* in that, unlike *Bills,* the instrument here is not a cutting instrument. They contend that an awl is designed expressly to stab, and whether the manufacturer designed it to stab people is insignificant. The "fitted primarily for stabbing" language of *Bills,* however, finds its source in *People* v. *Forrèst* (1967) 67 Cal.2d 478 [62 Cal.Rptr 766, 432 P.2d 374]. The *Forrest* court describes dirks and daggers as weapons designed primarily for stabbing, and distinguishes the knife in that case as not designed primarily for stabbing. The language in *Bills* must be read to require that an object be designed as a *weapon* fitted primarily for stabbing in order to be a dirk or a dagger as a matter of law.

Section 12020 simply does not encompass every sharp-pointed tool which can stab within the definition of dirk or dagger. Penal Code section 4502 specifically prohibits a prisoner from possessing "any dirk or dagger or sharp instrument." The presence of the words "or sharp instrument" suggests a legislative awareness of the limited meaning of dirk or dagger.

We conclude that an unaltered awl is not a dirk or a dagger as a matter of law within the meaning of Penal Code section 12020.

Judgment is affirmed.

White, P. J., and Feinberg, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1979.