421 So.2d 746 (1982)
Wallace MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1509.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
The defendant appeals his convictions on the charges of burglary, kidnapping, sexual battery, and robbery. The amended information charged the appellant with robbery with a "... deadly weapon, to wit: a knife, contrary to ..." Section 812.13(2)(a), Florida Statutes (1979). At his trial the defendant moved for a directed judgment of acquittal as to the robbery with a deadly weapon count.
The defendant asserted there was insufficient proof that he either used or threatened to use the knife in a manner likely to produce death or great bodily harm. The defendant's motion was denied and he was subsequently convicted of all counts charged and on the robbery conviction the appellant was sentenced to life imprisonment under Section 812.13(2)(a), supra.
*747 The victim's testimony was the only evidence presented by the State regarding the use of a weapon in the course of the robbery. During the State's direct examination the victim testified:
Q When you arrived at this second location some five minutes later, what happened there?
A He tried to take my stereo out of my car.
Q Did he use anything to assist him in doing that?
A After about two minutes or so of trying to take it out, he tried to get into my trunk. I gave him the keys to my trunk to look for something to get it out, and he didn't find anything. He went down the street and he came back and he had a knife and he tried to take it out with a knife, but he didn't.
Furthermore, upon cross-examination the victim gave the following account:
Q When he came back, that's when he had some kind of knife?
A Right.
Q What kind of knife was that?
Describe it.
A It looked like a kitchen knife, steak knife or something.
Q What did he do with this kitchen or steak knife? What did he do with it, then?
A He tried to take the radio out.
Q How did he do it?
Describe what he did to try to take the radio out.
A He tried to unscrew the screws and cut it out, I guess. I don't know.
Q He tried to unscrew the screws, cut it out someway, but he still couldn't pull it out? ...
... .
Q Did he ever threaten you with that knife?
A No.
Q He just used it to jiggle the radio out of the slots it was in?
A Uh-huh.
The trial court gave the following instruction on a deadly weapon:
A deadly weapon is any weapon which, in the manner in which it is used, is likely to produce death or great bodily harm.
We conclude, based upon the foregoing testimony, the evidence was insufficient to prove the instrument used was a deadly weapon and the trial court erred in failing to grant the defendant's motion for acquittal. See M.M. v. State, 391 So.2d 366 (Fla.1st DCA 1980), cert. denied, 411 So.2d 384 (Fla. 1981); McCray v. State, 358 So.2d 615 (Fla.1st DCA 1978). However, the evidence does support the lesser crime of robbery with a weapon[1] under Section 812.13(2)(b), Florida Statutes (1979). Robbery with a weapon is a felony of the first degree punishable by a maximum term of imprisonment not exceeding 30 years. Therefore, this cause is remanded to the trial court with directions to adjudicate the defendant guilty of robbery with a weapon and to resentence him accordingly. In all other respects, the trial court's judgment is affirmed.
Affirmed in part, reversed in part and remanded with directions.
LETTS, C.J., and HURLEY, J., concur.
NOTES
[1] A dirk is a prohibited weapon. See § 790.001(3)(a), Fla. Stat. (1981). A dirk or dagger is defined as "any straight knife to be worn on the person which is capable of inflicting death except what is commonly known as a `pocket knife.' `Dirk' and `dagger,' are used synonymously and consist of any straight stabbing weapon, as a dirk, stiletto, etc. Century Dictionary. They may consist of any weapon fitted primarily for stabbing." People v. Forrest, 67 Cal.2d 478, 62 Cal. Rptr. 766, 432 P.2d 374, 375 (1967), quoting People v. Ruiz, 88 Cal. App. 502, 504, 263 P. 836, 837 (1928). "[T]he test of a `dirk or dagger' is its capability for use as a stabbing weapon." Bills v. Superior Court, 86 Cal. App.3d 855, 150 Cal. Rptr. 582, 584 (1978) (applying Forrest's "primarily designed test" and concluding that a pair of barber scissors is not designed primarily for stabbing and, thus, is not a dirk or dagger). See also, People v. Ferguson, 7 Cal. App.3d 13, 86 Cal. Rptr. 383 (1970) (affirming the jury's finding that an ordinary kitchen knife with a wooden handle and an eight inch steel blade with a point and one cutting edge is a dirk or dagger).