[No. B009912. Second Dist., Div. Six. Jan. 9, 1986.]

In re CONRAD V., a Person Coming Under the Juvenile Court Law.
WILLIAM FORDEN, as Chief Probation Officer,
Plaintiff and Respondent, v.
CONRAD V., Defendant and Appellant.

## Counsel

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert R. Anderson and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**ABBE, J.**—The minor was found to have been unlawfully carrying a concealed dirk or dagger on his person in violation of Penal Code section 12020, subdivision (a).[1] The sole issue we address is whether the knife-like instrument the minor had is a dirk or dagger within the meaning of that section. We conclude it is not and reverse.

The instrument, a photocopy of which is attached as appendix A, is a metal object three inches in length. The blade is one and one-half inches long, curved on both sides, and beveled and sharpened on the front of one side. The flat side of the blade is smooth and approximately one-eighth inch thick as is the remainder of the instrument. It has no handle and no guard to protect the hand from slipping onto the blade. It appears to be designed to fit between two fingers of the hand with the blade projecting outward. The top portion is smooth and slightly rounded to fit behind two fingers and into the palm of the hand.[2] This knife was the only evidence offered on the issue whether it was a dirk or dagger.

---

[1] All further statutory references are to this code unless otherwise specified.

[2] The characteristics of this weapon would seem to present a question of fact whether it was prohibited under section 12020, subdivision (a) as metal knuckles as defined in subdivision (d)(6).

Section 12020 is one of several penal statutes relating to weapons. The statutes fit into five general categories: (1) those which absolutely prohibit possession of certain weapons in the state (e.g., §§ 12020, 653k), (2) those which prohibit possession of weapons in certain places (e.g., §§ 626.10, 12028), (3) those which prohibit possession by certain persons (e.g., §§ 4502, 12021, 12021.1, 12021.5), (4) those which restrict the manner in which weapons can be carried (e.g., §§ 12020, 12025, 12028, 12031), (5) and those which prohibit and punish criminal uses of weapons (e.g., §§ 245, 417, 467, 12022.3, 12022.5 and 12023). The use prohibition statutes are the least specific as to the weapons covered; the absolute prohibitions are described in the most specific terms. Dirks and daggers are expressly mentioned in place (§ 626.10), person (§ 4502) and concealment (§ 12020) prohibition statutes only. They are undoubtedly also included within the general description of dangerous or deadly weapons in some of the use prohibition statutes. (E.g., §§ 245, 4501 and 12022.3.)

■ Since section 12020, subdivision (a), is a penal statute, it must be strictly construed. (*People* v. *Bain* (1971) 5 Cal.3d 839, 850 [97 Cal.Rptr. 684, 489 P.2d 564].) ■ Despite the fact the Legislature has often amended section 12020 by adding prohibited weapons and defining others, it has never defined dirk or dagger. The Supreme Court has construed the terms to exclude a folding knife which does not have a blade which locks into place (*People* v. *Forrest* (1967) 67 Cal.2d 478 [62 Cal.Rptr. 766, 432 P.2d 374]) but held as to other knives with different characteristics the determination whether they are dirks or daggers is a question of fact. (*People* v. *Bain, supra,* 5 Cal.3d at p. 851.)

It appears, however, that before an instrument can be found to be a dirk or dagger it must possess certain characteristics. CALJIC No. 12.36 (1979 rev.) provides in pertinent part: "The words 'dirk' or 'dagger' are used synonymously and both refer to any straight weapon, designed and fitted primarily for stabbing."

The instruction is an accurate but incomplete definition seemingly derived from *People* v. *Ruiz* (1928) 88 Cal.App. 502 [263 P. 836], which was cited with apparent approval by the Supreme Court in *Bain* and *Forrest. Ruiz* and all the cited standard dictionaries define both dirks and daggers as forms of knives. Subdivision (e) of section 12020 indicates the Legislature so intended since it provides knives carried in sheaths worn openly suspended from the waist of the wearer are not concealed within the meaning of the section. Since the only concealed weapons which are forbidden by the section are dirks and daggers, each is obviously a form of knife. (But see *In re Robert L.* (1980) 112 Cal.App.3d 401 [169 Cal.Rptr. 354].)

The complete definition provided in *Ruiz* is as follows: "A dagger has been defined as any straight knife to be worn on the person which is capable

of inflicting death . . . [t]hey may consist of any weapon fitted primarily for stabbing. . . ." (*People* v. *Ruiz, supra,* 88 Cal.App. at p. 504.) Further requisite characteristics are provided by the Supreme Court's decisions in *Bain* and *Forrest.* The knife must have a locking blade, a handguard to prevent the hand of the user slipping onto the blade if the knife is used for stabbing, a handle and perhaps a blade of certain length.

In *Bain* the court noted other legislation regarding weapons indicated there was substantial significance in the length of the blade being less than five inches. This observation was based on the language of section 3024, since repealed. Subsequent penal legislation involving knives indicates any requisite blade length may have changed.

Section 626.10 prohibiting certain weapons on school grounds prohibits dirks, daggers, folding knives with locking blades and any knife having a blade longer than 3½ inches. Section 653k prohibits possession, sale, etc. of any switch blade knife as defined with a blade over two inches. Consequently the Legislature has evidenced an intent not to regulate possession of knives with a blade length under two inches despite the fact such knives are capable of causing great bodily injury or being used as deadly weapons as are many other objects such as scissors and letter openers which are capable of being concealed on the person.

Webster's Third New International Dictionary (1981), page 581, defines "dagger" as "a short knife used for stabbing" and a dirk as "a long straight-bladed dagger." (*Op. cit.,* p. 642.) The illustration of a dagger as well as variants thereof such as an anlace and a stiletto each picture symmetrical knives with handles and guards between the handle and the blade with straight edged blades and sharp points. An historical work on American knives states: "In pure usage, the dagger, always a weapon, should have a symmetrical tapering blade with two, three or even four edges and a sharp point. It is primarily designed for thrusting or stabbing." (Peterson, *American Knives: The First History and Collectors Guide* (1958), p. 20.) Since this knife (dangerous as it might be if used as a weapon) is sharpened on only one side of the curved blade, has no handguard and has only a one and one-half inch blade, it lacks the minimal characteristics of those knives classified as dirks or daggers by section 12020, subdivision (a).

The judgment is reversed.

Stone, P. J., and Gilbert, J., concurred.

## Appendix A