*597
 
 Opinion
 

 LOW, P. J.
 

 We hold that a knife with a handle designed to fit in the palm of the hand, with a two- and one-fourth-inch blade protruding between the middle fingers, is a “dirk or dagger” within the meaning of Penal Code section 12020, subdivision (a) (hereafter section 12020(a)). We disagree with
 
 In re Conrad V.
 
 (1986) 176 Cal.App.3d 775 [222 Cal.Rptr. 552], which held that a similar knife was not a dagger, in part because it did not have a handguard.
 

 Defendant Curtis T. Pettway appeals from the revocation of probation and the imposition of a three-year state prison sentence. The defendant contends that he did not violate section 12020(a) by wearing a knife with a two- and one-fourth-inch fixed blade concealed in his waistband, and therefore his probation should not have been revoked. We affirm.
 

 In 1989 defendant pled guilty to selling a controlled substance. (Health & Saf. Code, § 11352.) The court suspended imposition of the sentence and placed the defendant on probation for three years. In October 1990 defendant was detained for urinating in the street. When the officer conducted a pat search, a knife was found on the defendant and he was arrested for carrying a concealed dangerous weapon. On January 23, 1991, the trial court revoked probation for a violation of section 12020(a). This statute makes it a felony for any person to “carr[y] concealed upon his or her person any dirk or dagger.” The defendant contends that his knife is not a “dirk or dagger” and he requests that the order revoking probation be reversed.
 

 The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact. The evidence will be viewed in the light most favorable to the judgment, but the issue will be resolved in light of the whole record.
 
 (People
 
 v.
 
 Johnson
 
 (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R4th 1255].) The knife was brought into the probation revocation hearing, where it was examined by the court and found to be a dagger. In order to rule in defendant’s favor it would be necessary to find that the evidence did not support the conclusion as a matter of fact or that as a matter of law the knife was not a dagger.
 

 “Dirk or dagger” is not defined in the code itself. The following definition, however, has been widely followed. “A dagger has been defined as any straight knife to be worn on the person which is capable of inflicting death except what is commonly known as a ‘pocket-knife.’ Dirk and dagger are used synonymously and consist of any straight stabbing weapon, as a dirk, stiletto, etc. (Century Diet.) They may consist of any weapon fitted
 
 *598
 
 primarily for stabbing.”
 
 (People
 
 v.
 
 Ruiz
 
 (1928) 88 Cal.App. 502, 504 [263 P. 836]; see, e.g.,
 
 People
 
 v.
 
 Forrest
 
 (1967) 67 Cal.2d 478, 480 [62 Cal.Rptr. 766, 432 P.2d 374];
 
 People
 
 v.
 
 Villagren
 
 (1980) 106 Cal.App.3d 720, 725 [165 Cal.Rptr. 470].)
 
 [1]
 

 “As is the usual practice in interpreting criminal statutes, the term ‘dirk or dagger’ is to be strictly construed.”
 
 (People
 
 v.
 
 Bain
 
 (1971) 5 Cal.3d 839, 850 [97 Cal.Rptr. 684, 489 P.2d 564].) The test of a dirk or dagger for the purposes of section 12020(a) is whether the instrument is designed primarily for stabbing, and not whether the instrument
 
 can
 
 be used for stabbing or is capable of inflicting death.
 
 (Bills
 
 v.
 
 Superior Court
 
 (1978) 86 Cal.App.3d 855, 860 [150 Cal.Rptr. 582].) Depending on its characteristics, an instrument may be a dagger as a matter of law or it may be a dagger as a matter of fact for the trier to find.
 
 (In re Quintus W.
 
 (1981) 120 Cal.App.3d 640, 644-645 [175 Cal.Rptr. 30].) A pounded bedspring with a pointed tip was held a dirk or dagger as a matter of law because it was designed, and could only be used, to stab.
 
 (People
 
 v.
 
 Cabral
 
 (1975) 51 Cal.App.3d 707, 712 [124 Cal.Rptr. 418].) However, a knife that had blades that did not lock into place was not a dagger because its effectiveness as a stabbing weapon was severely limited by this attribute.
 
 (People
 
 v.
 
 Forrest, supra,
 
 67 Cal.2d at p. 481.) A knife is not, as a matter of law, a dagger if it has characteristics substantially limiting its stabbing effectiveness.
 
 (Ibid.)
 

 The weapon in this instance has a wedge-shaped, two- and one-quarter-inch fixed blade. Although one side is sharper than the other, both sides are narrowed to an edge that is thinner than at the center. The blade meets at a tapered point. The handle is on the same plane as the blade and is positioned so that it fits into the palm of the hand with the blade protruding from between the middle fingers. The handle is covered with a corrugated plastic that helps ensure a secure grip by the wielder. Furthermore, the handle has indentations for the fingers that would hold the knife in place. (A photocopy of the knife is attached as appendix. A.)
 

 Defendant contends that his knife is not a dirk or dagger because there is no handguard, and the blade is short and is only sharpened on one side. Defendant relies upon criteria established in
 
 In re Conrad V., supra,
 
 176 Cal,App.3d at page 778. The court in
 
 Conrad V.
 
 stated that in addition to
 
 *599
 
 being a straight weapon designed and fitted primarily for stabbing, a knife must have a locking blade, a handguard, and perhaps a blade of a certain length. The
 
 Conrad V.
 
 court determined that a weapon similar to that at issue here was not a dirk or dagger since it did not have a handle or handguard, had a blade of one and one-half inches, and it was sharpened on only one side; consequently it lacked the minimal characteristics of knives classified as dirks or daggers.
 
 (Ibid.)
 
 Defendant asserts that his knife is virtually identical to the one pictured in
 
 Conrad V.,
 
 and for the same reasons it is not a dirk or dagger.
 

 Although the knives are very much alike,
 
 Conrad V.
 
 is distinguishable. The blade in
 
 Conrad V.
 
 was one and one-half inches long, while the blade in the case at bar is two and one-quarter inches long. The blade in this instance is almost as long as the entire instrument in
 
 Conrad V. Conrad V.
 
 relies on Penal Code section 626.10, prohibiting weapons of a certain length on school grounds, for the proposition that the Legislature evidenced an intent not to regulate knives with a blade of under two inches.
 
 (In re Conrad V., supra,
 
 176 Cal.App.3d at p. 778.) Because of its length, this knife would not be exempt from regulation even if the
 
 Conrad V.
 
 court was correct that the Legislature intended not to regulate knives under two inches. A belt buckle knife with a blade of two and one-half to three inches has been found to be a dirk or dagger as a matter of law.
 
 (People
 
 v.
 
 McClure
 
 (1979) 98 Cal.App.3d Supp. 31, 32-33 [160 Cal.Rptr. 83].)
 

 The parties disagree as to whether this is a single blade or double blade instrument. While one side of the blade is sharper and longer, the other side is narrowed and meets the longer edge at a tapered point. This enhances its effectiveness as a stabbing weapon.
 

 Finally, the defendant claims that this knife, like that in
 
 Conrad V.,
 
 has no handguard and thus the wielder’s hand is unprotected. Here we are compelled to disagree with the
 
 Conrad V.
 
 court’s analysis. It is true that a knife without a handguard has limited effectiveness as a stabbing weapon because the wielder’s hand could easily slide onto the blade. There is, however, no such danger with the type of knife involved here and in
 
 Conrad V.
 
 The handle rests against the palm of the hand, and could not easily slip if the blade met resistance while stabbing.
 

 We disagree with the
 
 Conrad V.
 
 court’s statement that such a knife does not have a handle or a handguard. Both these knives have handles, of a type which actually increases the usefulness and effectiveness as a stabbing weapon and which makes them unsuitable for any other purpose. The design of this knife makes it suitable to be used only in a plunging manner. To use it to cut an apple would leave the wielder’s hand at such an odd angle that the wielder would be unable to gain any leverage. The knife could not be used to cut an object placed on a table, because the side of the handle,
 
 *600
 
 projecting downward, would keep the blade inches above the table. The handle also makes the knife less suitable for slashing because it would not hold firmly against lateral resistance. Not only is this knife fitted primarily for stabbing, it is fitted for practically no other use. It is a dagger as a matter of law.
 

 Defendant argues that the superior court improperly based its finding on the fact that defendant was carrying the knife for use as a weapon. (Defendant testified he carried it for protection.) There is a division of authority as to the analytical role played by the defendant’s reasons for carrying an alleged dagger. (Compare
 
 In re Robert L.
 
 (1980) 112 Cal.App.3d 401, 405 [169 Cal.Rptr. 354] [ice pick, carried for “protection,” is dagger];
 
 In re Quintus W., supra,
 
 120 Cal.App.3d at p. 645 [same as to kitchen knife]; with
 
 Bills
 
 v.
 
 Superior Court, supra,
 
 86 Cal.App.3d at pp. 861-862 [intended use of instrument irrelevant under § 12020; barber scissors carried as a defensive weapon held not dagger].) There is logic in the position stated by Justice Compton, dissenting in
 
 In re Robert L., supra,
 
 at page 409, that it is “bootstrapping” to use one element of the crime—the manner in which the instrument is carried—to supply the other element—the instrument’s characterization as a dirk or dagger. We need not reach that question here, however, because the physical characteristics of this knife, considered without regard for defendant’s intended use, make it, as a matter of law, a dagger.
 

 The judgment is affirmed.
 

 King, J., and Haning, J., concurred.
 

 [[Image here]]
 

 [1]
 

 Public understanding of the law would be aided, and perhaps some judicial confusion eliminated as well, were the Legislature to abandon, or at the least define, the arcane term “dirk or dagger.” “Dirk,” besides being particularly rare in the contemporary lexicon, is unnecessary, as “dagger,” a generic term, includes it. “Dagger,” while still in common usage, conveys an image more limited than it has come to denote as a term of art. There would appear no reason not to define it in the statute, as has been done for “short-barreled shotgun,” “nunchaku,” “flechette dart,” “metal knuckles," “belt buckle knife,” and other prohibited weapons. (See Pen. Code, § 12020, subd. (c)(l)-(23).)