[No. F016418. Fifth Dist. June 17, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS GOVEA BARRIOS, Defendant and Appellant.

## COUNSEL

Alys Briggs, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Edgar A. Kerry and Jane Olmos, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MARTIN, Acting P. J.**—Defendant appeals from a judgment entered on a jury verdict convicting him of possession of a concealed dirk or dagger (Pen. Code, § 12020, subd.(a)). He contends: 1) the knife he possessed is not a dirk or dagger as a matter of law, and 2) the court incorrectly instructed the jury regarding the definition of "dirk or dagger."

### FACTS

On April 22, 1991, Bakersfield city police officers received a report of an intoxicated person who possibly possessed a large knife. Police detained defendant as one matching the reported description. The officers searched defendant. They found a kitchen knife concealed from view inside the waistband of his pants. When asked about the knife, defendant said he carried it for protection and that there were people "after him." He also said if anybody tried to touch him, "I'll kill them." Defendant described himself as "good with a knife."

Prior to trial, defendant moved to exclude the knife from evidence on the basis the knife was not a "dirk or dagger" as a matter of law. Relying on *People* v. *Ferguson* (1970) 7 Cal.App.3d 13 [86 Cal.Rptr. 383], and *In re Quintus W.* (1981) 120 Cal.App.3d 640 [175 Cal.Rptr. 30], the court denied

the motion. At trial, the jury viewed a knife[1] with a fixed blade of eight or nine inches and a wooden handle of about four inches. The blade was serrated on one edge and blunt on the other. The tip was rounded coming to a point on the serrated edge. The knife did not have a handguard.

## DISCUSSION

Defendant contends the court erred by determining that whether this particular knife is a "dirk or dagger" was a question of fact for the jury. Penal Code section 12020, subdivision (a) provides, in relevant part, as follows: "Any person in this state who . . . possesses . . . any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sap, or sandbag, or who carries concealed upon his or her person any explosive substance, other than fixed ammunition or who carries concealed upon his or her person any dirk or dagger, is guilty of a felony, . . . ."

First, we discuss three California Supreme Court cases which we are bound to apply. In *People* v. *Forrest* (1967) 67 Cal.2d 478 [62 Cal.Rptr. 766, 432 P.2d 374], the court considered whether a folding pocket knife was a "dirk or dagger" as a matter of law. The court applied the following definition from *People* v. *Ruiz* (1928) 88 Cal.App. 502, 504 [263 P. 836]: "A dagger has been defined as any straight knife to be worn on the person which is capable of inflicting death except what is commonly known as a 'pocket-knife.' Dirk and dagger are used synonymously and consist of any straight stabbing weapon, as a dirk, stiletto, etc. (Century Dict.) They may consist of any weapon *fitted primarily for stabbing*." (Italics added.)

The court noted, construing section 12020, subdivision (a) with other sections of the Penal Code, it was clear the Legislature did not intend "dirk or dagger" to include all knives. Accordingly, the court refined the test to be applied. When a knife has many possible uses, some of which are clearly innocent and utilitarian, and also has a characteristic that substantially limits its effectiveness as a stabbing instrument, it cannot be held to be a weapon primarily designed for stabbing and is not a dirk or dagger. (*People* v. *Forrest*, *supra*, 67 Cal.2d at p. 481.) The court held that a knife with a folding, unfixed blade was substantially limited as a stabbing instrument and was not, as a matter of law, a dirk or dagger within the meaning of the statute. (*Ibid.*)

In *People* v. *Bain* (1971) 5 Cal.3d 839 [97 Cal.Rptr. 684, 489 P.2d 564], the court applied the *Ruiz* definition and the *Forrest* guidelines. There, the

---

[1]We requested the knife from the superior court pursuant to California Rules of Court, rule 10(d), and we have examined it independently.

knife had a folding blade that locked into place and had handguards to prevent the hand from slipping onto the blade if used as a stabbing weapon. Reversing a jury verdict due to prosecutorial misconduct, the court held that it was ordinarily a question of fact for the jury whether such a knife, with no impediments to its effectiveness as a stabbing instrument, was a dirk or dagger. (*People* v. *Bain, supra,* 5 Cal.3d at p. 851.) In addition, the court stated the terms "dirk or dagger" are to be strictly construed. (*Id.* at p. 850.)

In *People* v. *Grubb* (1965) 63 Cal.2d 614 [47 Cal.Rptr. 772, 408 P.2d 100], the court applied a clause of Penal Code section 12020, subdivision (a) which outlaws possession "of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sap, or sandbag. . . ." The court considered whether a common baseball bat which had been altered into a smaller billy club violated the statute:

"The Legislature here sought to outlaw the classic instruments of violence and their homemade equivalents; the Legislature sought likewise to outlaw possession of the sometimes-useful object when the attendant circumstances, including the time, place, destination of the possessor, the alteration of the object from standard form, and other relevant facts indicated that the possessor would use the object for a dangerous, not harmless, purpose. [Citation.]

"Thus we hold that the statute embraces instruments other than those specially created or manufactured for criminal purposes; it specifically includes those objects 'of the *kind* commonly known as a billy.' [Citation; italics in original.] The concomitant circumstances may well proclaim the danger of even the innocent-appearing utensil. The Legislature thus decrees as criminal the possession of ordinarily harmless objects when the circumstances of possession demonstrate an immediate atmosphere of danger." (*People* v. *Grubb, supra,* 63 Cal.2d at pp. 620-621, original italics.) Although the court reversed a guilty verdict due to *Dorado* error (*People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]), it held possession of the altered baseball bat violated the statute.

Since *Grubb, Forrest,* and *Bain,* no California Supreme Court case has applied Penal Code section 12020, subdivision (a). Court of Appeal cases have split over the applicability of the *Grubb* language to concealed dirks or daggers. In *People* v. *Ferguson, supra,* 7 Cal.App.3d 13 (butcher knife with an eight-inch blade, a point, and one cutting edge), *In re Robert L.* (1980) 112 Cal.App.3d 401 [169 Cal.Rptr. 354] (common ice pick) and *In re Quintus W., supra,* 120 Cal.App.3d 640 (steak knife with a blade four and five-eights inches long), the Second District held it was proper to allow the

jury to consider the surrounding circumstances and the subjective intent of a knife's possessor when determining whether the concealed instrument was a dirk or dagger. In *Bills* v. *Superior Court* (1978) 86 Cal.App.3d 855 [150 Cal.Rptr. 582] (unaltered barber scissors), and *People* v. *La Grande* (1979) 98 Cal.App.3d 871 [159 Cal.Rptr. 709] (leather or wood awl seven and one-half inches long with a sharp point), the First District limited application of the *Grubb* language to clubbing weapons "of the kind commonly known as a blackjack, slungshot, billy . . . ." (Pen. Code, § 12020, subd.(a).)

*In re Quintus W.* is typical of the Second District cases. There, the court focused on the defendant's statement that he carried a steak knife for personal protection.[2] Citing *People* v. *Grubb, supra*, 63 Cal.2d 614, 622, the court concluded " 'Nothing further was necessary to show the instrument though "conceived for peaceful purposes, . . . was wrapped in the indicia and circumstance of probable assault." [Citation.]' " (*In re Quintus W., supra*, 120 Cal.App.3d at p. 645.)

In contrast, the First District, in *Bills* v. *Superior Court*, held that the *Grubb* approach does not apply to dirk or dagger cases. The court noted that *Grubb* applied a clause from Penal Code section 12020, subdivision (a) dealing with a class of weapons separate from dirks or daggers. (*Bills* v. *Superior Court, supra*, 86 Cal.App.3d at p. 861.) Unlike the very specific reference to concealed "dirks or daggers" this clause outlaws any possession of a broad range of objects "of the *kind* commonly known as a blackjack," etc. (Pen. Code, § 12020, subd. (a).) These clubbing instruments may be innocent-appearing utensils. Thus, the attendant circumstances of possession are relevant to determining the possessor's intent to use them for a dangerous purpose. (*People* v. *Grubb, supra*, 63 Cal.2d at pp. 620-621; *Bills* v. *Superior Court, supra*, 86 Cal.App.3d at p. 861.)

We agree with the First District for the reasons following.[3] First, the terms "dirk or dagger" are to be strictly construed. (*People* v. *Bain, supra*, 5 Cal.3d at p. 850.) Second, it is clear the *Forrest* court focused only on the characteristics of the weapon as a stabbing instrument, not on the mental state of the defendant in possessing the weapon. If the knife has innocent uses and is of substantially limited effectiveness as a stabbing instrument, it cannot be

---

[2]In *People* v. *Shah* (1949) 91 Cal.App.2d 716, 719 [205 P.2d 1081], the First District stated the actual intent to use a knife as a deadly weapon is immaterial to the offense charged.

[3]The only Fifth District case in this area is *People* v. *Johnson* (1977) 72 Cal.App.3d 52, 55 [139 Cal.Rptr. 811]. There, we construed the portion of Penal Code section 12020 dealing with possession of dangerous weapons (a "Chinese Throwing Star"). We held that proof of possession alone is sufficient to convict. It is not necessary to prove malicious intent or wrongful use. We contrasted this with the *People* v. *Grubb* class of weapons for which defendant's state of mind is relevant.

held to be a dirk or dagger. (*People* v. *Forrest*, *supra*, 67 Cal.2d at p. 481.) Third, the *Forrest* court warned against enlarging the class of weapons within the category of "dirk or dagger." "No matter how lethal the instrument may be we cannot hold its concealed possession is a crime unless the Legislature has so provided." (*People* v. *Forrest*, *supra*, 67 Cal.2d at p. 481.)

Next we apply the principles discussed above to the knife possessed by Barrios. We do not consider the defendant's statement that he carried the knife for protection. The knife appears to be a common bread knife. It has one dull serrated edge and one blunt edge. The blade is about eight inches long and the wooden handle about four inches. There are no handguards to prevent the wielder's hand from slipping onto the blade if it was used to stab. The end of the blade is essentially rounded and comes to a modest point only on the serrated edge. The blade itself flexes noticeably when the point is applied to an object.

This knife has characteristics which substantially limit its effectiveness as a stabbing instrument. It has no sharp edges, no stabbing point, no handguards, and no stiff blade. It is not a dirk or dagger as a matter of law. (*People* v. *Forrest*, *supra*, 67 Cal.2d at p. 481.) The court erred by denying defendant's motion to exclude the knife.

This case provides an excellent example of the mischief wrought by application of the *Grubb* principles to dirk or dagger cases. By allowing the jury to consider the defendant's intent in possessing the knife,[4] the court permitted a common bread knife to be transformed into a dirk or dagger.

## DISPOSITION

Because of our disposition on the first issue, we do not reach appellant's claim of erroneous jury instructions. The judgment of conviction is reversed.

Ardaiz, J., and Buckley, J., concurred.

---

[4]The prosecution vigorously argued the defendant's intent to use the knife for protection in its closing argument.