DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**P.J.A., a Child,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3437

[December 10, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence M. Mirman, Judge; L.T. Case No. 432013CJ000090A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant P.J.A., a minor, appeals the denial of his motion for judgment of dismissal as to the charge of aggravated assault with a deadly weapon, arguing that the State failed to prove that the assault was made with a "deadly weapon." We conclude that the knife held by Appellant in the incident at issue, under the circumstances of this case, sufficiently satisfied the last element of the charged offense. *See* Fla. Std. Jury Instr. (Crim.) 8.2. Accordingly, we affirm.

We conduct a de novo review of the denial of a motion for judgment of dismissal. *A.W. v. State*, 82 So. 3d 1136, 1138 (Fla. 4th DCA 2012). A motion for judgment of dismissal must be granted if the evidence, viewed in the light most favorable to the State, does not support a conviction on the charge. *Id.*

An aggravated assault with a deadly weapon occurs when:

1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).

2. At the time, (defendant) appeared to have the ability to carry out the threat.

3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.

4. The assault was made with a deadly weapon.

Fla. Std. Jury Instr. (Crim.) 8.2; *see also* §§ 784.011(1), 784.021(1), Fla. Stat. (2013); *L.C. v. State*, 799 So. 2d 330, 332 (Fla. 5th DCA 2001). "Deadly weapon" is defined as a weapon "used or threatened to be used in a way likely to produce death or great bodily harm." Fla. Std. Jury Instr. (Crim.) 8.2. Appellant's only challenge to his conviction for aggravated assault with a deadly weapon is whether the evidence proved that "[t]he assault was made with a deadly weapon." *Id.*

Appellant encountered the victim (also a minor) in his home, where the victim and her mother were also residing. After the victim's mother took three of four knives away from Appellant, slightly cutting herself in the process, Appellant commenced twisting the remaining knife in his hand and told the victim that he was going to kill her. This statement was made while the victim was standing only two or three feet from Appellant. The knife was described as a food preparation or steak knife.

Appellant's holding and twisting of the knife in his hand *while saying that he was going to kill the victim* was a threat to use the weapon "in a way likely to produce death or great bodily harm." *Id.* As such, this case is clearly distinguishable from *Miller v. State*, 421 So. 2d 746 (Fla. 4th DCA 1982), upon which Appellant relies. In that case, the defendant held a kitchen knife during a robbery but only used it to remove a stereo from the victim's car *and never threatened the victim with the knife. Id.* at 747. The fact that Appellant did not step toward the victim nor raise the knife in a threatening fashion does not lead to a contrary conclusion. *See Willard v. State*, 386 So. 2d 869, 871 (Fla. 1st DCA 1980) ("The ability to do violence was established by the presence of the knife because a knife may be thrown or used anytime it is in a person's possession . . . it is not necessary that the knife be brandished or that the perpetrator move toward the victim.").

Because the facts, viewed in the light most favorable to the State, establish each element of the offense of aggravated assault with a deadly

weapon, including that the assault was made with a deadly weapon, there was no error in the trial court denying Appellant's motion for judgment of dismissal.

*Affirmed.*

CIKLIN and CONNER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***