Filed 2/4/16  P. v. Walker CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B264127 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA089174) |
| v. | |
| ALBERT WALKER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Steven R. Van Sicklen, Judge.  Affirmed.

Mary Jo Strnad, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Albert Walker appeals from the revocation of his probation as a result of a conviction for misdemeanor child endangerment and domestic violence during his probation period. We affirm.

## PROCEDURAL BACKGROUND

On March 4, 2014, Walker pled no contest to possession of a dirk or dagger in violation of Penal Code section 21310.[1] He was placed on three years probation conditioned upon, among other things, that he not use or threaten the use of force or violence on any person.

Nine months later, he pled no contest in a separate action in Long Beach to misdemeanor child endangerment under circumstances not likely to produce great bodily injury or death and misdemeanor corporal injury to a spouse (Long Beach case).[2] The trial court offered, and Walker accepted, a plea deal under which he would receive 365 days in county jail in exchange for pleading no contest to the two misdemeanor charges. Walker also admitted three other probation violations which occurred in the interim, but over which the trial court had declined to revoke probation—two for driving on a suspended license and one for driving under the influence of alcohol.

At the plea proceedings in the Long Beach case, defense counsel reported to the court that the prosecution was offering a plea agreement under which Walker would serve 180 days consecutively for each of the three probation matters and the two counts

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    This action was filed by the Long Beach City Prosecutor in Case No. 4LG03358-01. Walker moved to augment the record on appeal in this case to include the complaint, a transcript of the plea proceedings, the motion to withdraw his plea, and the docket in the Long Beach case. The motion to augment is denied as it involves proceedings separate from the proceedings on appeal. (*Estate of Caruch* (1956) 139 Cal.App.2d 178, 185.) However, we recognize that the trial court in this case did consider and review the plea transcript in the Long Beach case, marked as People's Exhibit 1 though apparently not admitted. Moreover, all of the documents identified in the motion to augment are material to and will assist in our determination of the appeal. Accordingly, we take judicial notice of these documents under the Rules of Court, rule 452, subd. (d).

2

would be dismissed.  The defense countered with an offer for 180 days to be served concurrently.  The following discussion occurred:

"The Court: If he wants I can give him a year for everything.

The Defendant:  I'll take that.

The Court:  Okay.  You're going to have to plead to both the domestic violence and the child negligent charge since it's an open plea.

[Defense Counsel]:  It's an open plea.

The Defendant:  But there are no classes?

[Defense Counsel]:  No.  It's for everything.

[¶] . . . [¶]

The Court:  In the meantime, Mr. Walker, you are charged in count 1 with a violation of Penal Code section 273(a)(b) and in count 2, Penal Code section 243(e)(1).  Each of these charges carries a maximum penalty of one year in jail.

In exchange for your plea I will sentence you to one year for both counts and run your probation violations and your three other cases concurrent so that you'll be sentenced –your sentence will be served at the same time.  Is that your understanding?

The Defendant:  Yes, sir."

During the court's recitation of the consequences of his plea, it asked Walker, "If you're currently on probation or parole in any other case other than the ones we've discussed this morning, your conviction in this case would be a violation and you'd be required to serve additional time custody.  [¶]  Do you understand?"  Walker replied, "Yes."

Walker subsequently sought to withdraw his plea on the grounds of mistake, ignorance, inadvertence, or ineffective assistance of counsel.  In his motion, he argued he believed the court's offer for one year for "everything" meant that the two counts against him would be dismissed.  Walker understood he had a three-year suspended sentence for the underlying action and he believed his plea agreement would not affect this matter. Walker stated his defense counsel "told [him] to not worry about his Torrance case.

3

Based on [defense counsel's] representations, Defendant believed his Torrance case sentence would not be imposed." Walker's motion to withdraw his plea in the Long Beach case was denied.

At the probation revocation hearing in this matter, Walker testified to his understanding of the circumstances surrounding the plea agreement in the Long Beach case as well as the events leading up to the domestic violence and child endangerment charges. Walker testified he had dinner with his daughter and his long-time girlfriend, Gwendolyn Bluitt, who is the mother of his children, on December 14, 2014. He had a drink during the meal. After dinner, he wanted to leave because Bluitt told him some other patrons were fighting outside and Walker noticed one of them had a gun in his waistband. However, the ignition interlock device, installed as a result of his DUI, prevented him from starting the car. He admitted he asked his daughter blow into the device to start the car.

Once home, he had an altercation with Bluitt over a pair of baby socks that he wanted to give to their neighbor. Bluitt knocked out his two front teeth and hit him until he fell over the coffee table. Walker denied hitting her back. Walker suffered a laceration to his head, a concussion, two missing teeth, and bruised ribs. Bluitt was unharmed. Bluitt largely corroborated Walker's account in her testimony, denying he hit her.

The prosecution called Officer Bradford Stein of the Long Beach Police Department to the stand. He testified he responded to a domestic violence call involving Walker and Bluitt on December 14, 2014. When he arrived, Walker was lying on his back on top of a broken glass coffee table with Bluitt and their teenage son standing over him. Bluitt reported to Officer Stein that Walker was drunk and they fought over a pair of baby socks. Walker pushed her and she pushed him back; he then punched her and she punched him back. When their son attempted to intervene, Walker fell onto the coffee table, breaking it. Officer Stein did not observe any injuries on Bluitt or on Walker, although he called an ambulance because Walker said he had trouble breathing. Officer Stein interviewed Bluitt and Walker's 11-year old daughter, who told him she was hit

4

accidentally when Walker threw a punch intended for Bluitt.  Her cheek appeared to be swollen, but not red.

The court found Walker in violation of probation based both on his plea in the Long Beach case and on Officer Stein's testimony about the underlying events. It advised Walker:

"But in terms of the plea, you're sophisticated.  You've taken lots of pleas.  And you know what's going on, and you answered the questions and you heard what the judge said.  And he said, if you have any other probation matters, this would be a violation and you could do time in custody as a result of that.  You acknowledged that.

"And it was clear that the probation violations that you were acknowledging that you were in violation of were the three misdemeanors that were before the court in Long Beach, not this case.  And you admitted clearly to domestic violence and to child endangerment in that Long Beach plea.

"And to suggest to me that you didn't know what you were pleading to, we have both been around long enough to know that you knew what you were pleading to and I know that you knew what you were pleading to.

"So I just think that at this point, this is a very sour, dangerous relationship.  And I'm not to say that Ms. Bluitt is necessarily blameless. But in this case, . . . I believe the police's version, and I believe that you did initiate this and that is part of drinking."

The court then imposed the previously suspended three-year sentence, and granted him 124 days of custody credit.  Walker timely appealed and we appointed counsel to represent him on appeal.

5

## DISCUSSION

Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requesting we independently review the record on appeal for any arguable issues. Walker was notified by appointed counsel and by this Court of his opportunity to raise any issues he wishes us to consider. Walker filed a one-page letter brief dated December 16, 2015, which argued, "The fact that [the] blade is only three inches in length constitutes a misdemeanor not a felony, making the plea in itself unjustifiable."

First, Walker has failed to explain how the length of the blade invalidates his plea. Neither has he provided any legal support for such a proposition. In any event, a plea of no contest admits each element of the offense and amounts to a waiver of any defects in the accusatory pleading. (*People v. Borland* (1996) 50 Cal.App.4th 124, 128; *People v. Miller* (2012) 202 Cal.App.4th 1450 [defendant estopped from vacating his plea of no contest although there was error in charging the crime as a felony rather than a misdemeanor].)

Further, there is no length requirement under section 21310. The Penal Code merely defines " 'dirk' or 'dagger' [as] a knife or other instrument with or without a handguard that is capable of ready use as a stabbing weapon that may inflict great bodily injury or death. A nonlocking folding knife, a folding knife that is not prohibited by Section 21510, or a pocketknife is capable of ready use as a stabbing weapon that may inflict great bodily injury or death only if the blade of the knife is exposed and locked into position." (§ 16470; see also *People v. Pettway* (1991) 233 Cal.App.3d 1067, 1070 [a fixed blade of two and one-half to three inches in length was a dirk or dagger as set forth in § 12020(a) [Repealed].)

We have also reviewed the entire record on appeal, and find that appointed counsel has fulfilled her duty, and that no arguable issues exist. (*Wende, supra*, 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106.)

6

## DISPOSITION

The judgment is affirmed.

BIGELOW, P. J.

We concur:

FLIER, J.

GRIMES, J.